UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ARNOLD KOKANS, | Civil Action No.: |
| Plaintiff, | |
| v. | **CLASS ACTION COMPLAINT** |
| NCO FINANCIAL SYSTEMS, INC., | |
| Defendant(s). | |

Plaintiff ARNOLD KOKANS ("Plaintiff"), by and through his attorney Edward B.Geller, Esq., P.C. as and for its Complaint against the Defendant NCO FINANCIAL SYSTEMS, INC. (hereinafter referred to as "Defendants"), respectfully sets forth, complains and alleges, upon information and belief, the following:

## INTRODUCTION/PRELIMINARY STATEMENT

1. Plaintiff brings this action on his own behalf for damages and declaratory and injunctive relief arising from the Defendant's violation(s) of §1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA").

## PARTIES

2. Plaintiff ARNOLD KOKANS is a resident of the State of New Jersey, residing at 306 Scarlett Ct., Toms River NJ 08753.

3. Defendant NCO FINANCIAL SYSTEMS, INC. is a company engaged in the business of debt collection with an office located at 4740 Baxter Road, Virginia Beach, VA

23462.

4. Plaintiff is a "consumer" as defined by the FDCPA, 15 USC § 1692 a (3).

5. The Defendant is a "debt collector" as the phrase is defined and used in the FDCPA under 15 USC §1692a (6).

## JURISDICTION AND VENUE

6. The Court has jurisdiction over this matter pursuant to 28 USC §1331, as well as 15 USC §1692 et seq. and 28 U.S.C. §2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. §1367(a).

7. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## ALLEGATIONS FOR CLASS ACTION

8. Plaintiff brings this action as a class action, pursuant to Federal Rules of Civil Procedure ("FRCP") Rule 23, on behalf of himself and all persons/consumers, along with their successors-in-interest, who have received similar debt collection notices and/or letters/communications from Defendant which, as alleged herein, are in violation of the FDCPA, as of the date of Plaintiff's Complaint (the "Class"). Excluded from the Class is Defendant herein, and any person, firm, trust, corporation, or other entity related to or affiliated with the Defendant, including, without limitation, persons who are officers, directors, employees, associates or partners of the Defendant . Upon information and belief, hundreds of persons have received debt collection notices and/or letters/communications from Defendant, which violate various provisions of the FDCPA.

9. This Class satisfies all the requirements of FRCP Rule 23 for maintaining a class

action.

10. The Class is so numerous that joinder of all members is impracticable. Upon information and belief, hundreds of persons have received debt collection notices and/or letters/communications from Defendant, which violate various provisions of the FDCPA.

11. The debt collection notices and/or letters/communications from Defendant, received by the Class, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer".

12. There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation: (i) Whether Defendant violated various provisions of the FDCPA; (ii) Whether Plaintiff and the Class have been injured by Defendant's conduct; (c) Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and, (iv) Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

13. Plaintiff's claims are typical of the claims of the Class, and Plaintiff has no interests adverse or antagonistic to the interests of other members of the Class.

14. A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted, this being specifically envisioned by Congress as a principal means of enforcing the FDCPA, as codified by 15 U.S.C. § 1692(k).

15. The members of the Class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

16. Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties.

17. A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

18. Plaintiff will fairly and adequately represent the Class members' interests, in that the Plaintiff's counsel is experienced and, further, anticipates no impediments in the pursuit and maintenance of the class action as sought herein.

19. Absent a class action, the Class members will continue to suffer losses borne from Defendant's breaches of their statutorily protected rights as well as monetary damages, thus allowing and enabling: (a) Defendant's conduct to proceed and; (b) Defendant to further enjoy the benefit of its ill-gotten gains.

20. Defendant has acted, and will act, on grounds generally applicable to the entire Class, thereby making appropriate a final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

**FACTUAL ALLEGATIONS**

21. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "20" herein with the same force and effect as if the same were set forth at length herein.

22.     Upon information and belief, Defendant, on behalf of a third-party, began efforts to collect an alleged consumer debt from the Plaintiff.

23.     Upon information and belief, the Defendant began its collection efforts and campaign of communications with the Plaintiff by sending a collection notice dated September 3rd, 2014 to Plaintiff. See Exhibit A.

24.     The Defendant's letter had the Plaintiff's name and address clearly visible in the window of the envelope with the Consumers account number above the Consumers name also clearly visible.

## FIRST CAUSE OF ACTION
### (Violations of the FDCPA)

25.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "24" herein with the same force and effect as if the same were set forth at length herein.

26.     15 USC §1692 f(8) prohibits a debt collector from using any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business.

27.     Defendant violated 15 USC §1692 f(8) placing prohibited language (the account number) on the envelope when communicating with the consumer by the use of mails with the Defendant's Sept. 3rd, 2014 letter.

28.     In Douglass v. Convergent Outsourcing, the Third Circuit addressed the issue of whether "the disclosure of a consumer's account number on the face of a debt collector's envelope violates § 1692f(8) of the Fair Debt Collection Practices Act."

Douglass v. Convergent Outsourcing, No. 13-3588, 2014 WL 4235570 (3d Cir. Aug. 28, 2014); 15 U.S.C. § 1692 et seq. 31.15 USC §1692 f –preface prohibits a debt collector from using any unfair or unconscionable means in connection with the collection of a debt.

29 The Third Circuit found that "the plain language of § 1692f(8) does not permit Convergent's envelope to display an account number" but declined to evaluate whether Section 1692f(8) allows for a "benign language" exception. Instead, the Third Circuit determined that a debt collector's account number is never benign. Id. at *4. Specifically, the Third Circuit held that "[t]he account number is a core piece of information pertaining to Douglass's status as a debtor and Convergent's debt collection effort. Disclosed to the public, it could be used to expose her financial predicament. Because Convergent's disclosure implicates core privacy concerns, it cannot be deemed benign." Id. Based on these considerations, the Third Circuit found that "Douglass's account number is impermissible language or symbols under § 1692f(8)" in violation of the FDCPA. Id. at *6.33.

30. .As a result of Defendant's violations of the FDCPA, Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

## DEMAND FOR TRIAL BY JURY

31. Plaintiff hereby respectfully requests a trial by jury for all claims and issues in its Complaint to which it is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from the Defendants as follows:

    A. For actual damages provided and pursuant to 15 USC §1692k (a) (1);

      B.      For statutory damages provided and pursuant to 15 USC §1692(2)(A);

      C.      For statutory damages provided and pursuant to 15 USC§1692k(2)(B);

      D.      For attorneys' fees and costs provided and pursuant to15USC§1692(a)(3);

      E.      A declaration that the Defendant's practices violated the FDCPA;

      F.      For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated:    Oct. 20th, 2014

                  Respectfully submitted,

                  Edward B. Geller Esq. P.C.

```
                    15 Landing Way
                    Bronx, New York 10464
                    Tel:(914)473-6783
```

                  *Attorney for the Plaintiff* ARNOLD KOKANS

To:    NCO Financial Systems, Inc.
       507 Prudential Road
       Horsham, PA 19044
       Clerk of the Court,
       United States District Court, District of New Jersey
       Clarkson S. Fisher Building & U.S. Courthouse
       402 East State Street Room 2020
       Trenton, New Jersey 08608

(*Via Electronic Court Filing*)

EXHIBIT "A"

PO BOX 15630
DEPT 99
WILMINGTON DE 19850

# NCO FINANCIAL SYSTEMS, INC.

507 Prudential Road, Horsham, PA 19044

877-252-4534
OFFICE HOURS(ET):
8AM-9PM MON THRU THURSDAY
8AM-5PM FRIDAY
8AM-12PM SATURDAY
Sep 3, 2014

Calls to or from this company may be monitored
or recorded for quality assurance.

6E6JAY
ARNOLD KOKANS
306 SCARLET CT
TOMS RIVER NJ  08753-1318

CREDITOR: JOSEPH G. BIRNBAUM, MD
CREDITOR'S ACCOUNT #: 413537100429
REGARDING: 537673862
CURRENT BALANCE DUE: $ 302.19

## Your Account May Be Credit Reported!

Our records indicate that your balance of $302.19 is due in full. It is our intention to work with you to resolve this collection account. However, subject to your dispute and validation rights provided below, if you fail to resolve this collection account, we may report the account to all national credit bureaus.

Returned checks may be subject to the maximum fees allowed by your state.

To assure proper credit, please put our internal account number 6E6JAY on your check or money order

**You may also make payment by visiting us online at www.ncofinancial.com. Your unique registration code is 16E6JAY9-9CII4VW.** To receive future notices for the account(s) by e-mail, visit www.ncofinancial.com for details.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

This is an attempt to collect a debt. Any information obtained will be used for that purpose. This is a communication from a debt collector.

PLEASE RETURN THIS PORTION WITH YOUR PAYMENT (MAKE SURE ADDRESS SHOWS THROUGH WINDOW)

| Our Account # | Current Balance Due |
|---|---|
| 6E6JAY | $ 302.19 |
| ARNOLD KOKANS | |
| Payment Amount | |
| $ | |

Check here if your address or phone number has
changed and provide the new information below.

Make Payment To:

NCO FINANCIAL SYSTEMS
PO BOX 15740
WILMINGTON, DE 19850-5740

NCOP I
152

0099 000756673340 0 00030219 1 0073 8